## PEOPLE v. O'MALLEY.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

GAMING—INDICTMENT—DUPLICITY.

Pen. Code, § 344, provides that a person who engages in any gambling or banking game, where money or property is dependent on the result, is a common gambler. Code Cr. Proc. § 278, requires an indictment to charge but one crime, except as permitted by section 279, which provides that the crime may be charged in separate counts to have been committed in a different manner or by different means, and, when the acts complained of may constitute separate crimes, such crimes may be charged in separate counts. *Held*, that an indictment for being a common gambler,—which charged defendant in one count with having played at dice for money in a certain village on a certain day, and in another count with having played at dice for liquor on the same day and in the same village, was not invalid, as charging more than one crime, as the acts charged are but a series of acts showing the crime charged.

Appeal from Yates county court.

Luke O'Malley was indicted for being a common gambler, and from a judgment sustaining a demurrer to the indictment the people appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Charles W. Kimball, Dist. Atty., for the People.
Thomas Carmody, for respondent.

ADAMS, P. J. Section 344 of the Penal Code declares that "a person who * * * engages as * * * player in any gambling or banking game where money or property is dependent upon the result * * * is a common gambler"; and for the crime, as thus defined, the defendant was indicted by the grand jury of Yates county in De-

cember, 1899. The indictment contains two counts, the first of which charges the defendant with having engaged as a player in gambling for money, to wit, for the sum of five dollars, with one Edward Morgan, at the village of Penn Yan, in the county of Yates, on or about the 8th day of November, 1899, which sum of money was dependent upon the result of a game of dice, so called; and the second count charges the defendant with having gambled for money or other property, to wit, liquors, on the same day and at the same village, and that the money and property thus gambled for were, by the terms of the game, dependent upon the result thereof, "said game being played with implements known as dice, and being a game of chance," but it fails to name the person with whom the game was played. The defendant demurred to this indictment upon the grounds (1) that it charged more than one crime; (2) that it did not sufficiently charge the crime attempted to be set forth; and (3) that it charged no crime whatever. The county court sustained the demurrer upon the ground first above stated, and we shall consequently confine our discussion of the case to that particular ground.

Section 278, Code Cr. Proc., requires that an indictment shall charge but one crime and in one form, except as permitted in the section following, which provided that "the crime may be charged in separate counts to have been committed in a different manner or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts." Code Cr. Proc. § 279. The language of the section last referred to, when properly construed, means simply that where two or more offenses of the same nature are based upon the same or a continuous set of facts, either of which offenses makes the accused guilty of the same crime, they may be charged in separate counts in the same indictment. Thus an indictment which in one count charges the accused with forging a written instrument at a specified time and place, and in another count charges him with uttering, at the same time and place, that very instrument, has been held good, within the intent and meaning of the section. People v. Adler, 140 N. Y. 331, 35 N. E. 644. So, also, it has been held that separate counts for burglary, larceny, and receiving stolen goods, respectively, may be joined in the same indictment, where they are all founded upon the same transaction, and the acts charged relate to the same property. People v. Wilson, 151 N. Y. 403, 45 N. E. 862; People v. Baker, 3 Hill, 159. In Hawker v. People, 75 N. Y. 487, where an indictment charging an offense in different ways and in separate counts was sustained, it was said by Earl, J., that "so long as the counts relate to the same transaction, * * * there can be no objection to the union of such counts in the same indictment"; and in a subsequent decision of the general term of the First department, wherein construction was given to the language above quoted, it was declared that "by the use of the words 'same transaction' the count does not mean, nor does the statute mean, the same acts, but the same series of acts, which, when completed, culminate in the crime or crimes for which the indictment is found, is intended." People v. Emerson, 53 Hun, 437, 6 N. Y. Supp. 274. In the case last cited the defendant was charged in one

count of the indictment with keeping a room for gambling purposes, in another he was charged with selling lottery policies, and in still another with selling paper or writings in the nature of bets and wagers upon the drawing of numbers in a lottery, and these several acts, it was held, might be regarded as the "same transaction," although their tendency was to constitute different crimes; that is, a crime defined by section 343, as well as one embraced in section 344 of the Penal Code. We do not think, however, that in the present instance it is necessary to give to section 279 as broad a construction as was done in the case referred to; for, in our view of the matter, the indictment under consideration charges the defendant with the commission of but a single crime, which is that of being a common gambler. It is true that in one count the defendant is charged with gaming for a certain sum of money, and in the other with gaming for "money or other property"; but assuming that these games were played with different persons, and at different hours of the day named in the indictment, they do not charge different and distinct offenses. The statute reads that any "person who * * * engages as * * * player in any gambling or banking game where money or property is dependent upon the result * * * is a common gambler," and as such punishable by imprisonment or fine, or both. If A. plays a game of cards with B. at 10 o'clock in the forenoon, and wins the sum of five dollars in money, and at 10 o'clock in the evening of the same day plays a game of dice with C., and wins from him property of like value, he becomes, within the terms of the statute, a common gambler; and his crime may be established by proof of either or both of the above-mentioned acts. But if both are proven they do not necessarily establish separate and distinct crimes, because, within the principle enunciated in the cases above cited, they constitute simply a series of acts which, when completed, culminate in the one crime charged in the indictment. In drawing an indictment it is customary for the district attorney to so frame it as to meet the evidence which may be adduced upon the trial. Thus, it frequently happens that the same crime is charged in separate counts to have been committed in a different manner and by different means. This, as we have seen, is permissible under the provisions of section 279, and we doubt not that in enacting that section it was the intention of the legislature to allow greater latitude in the framing of indictments in order to prevent the miscarriage of justice in cases where, like the one under consideration, the people are to a considerable extent dependent upon adverse or reluctant witnesses to establish the offense charged. People v. Adler, supra; People v. Charbineau, 115 N. Y. 433, 22 N. E. 271. These views lead to the conclusion that the learned county judge placed too rigid a construction upon the statute, and, inasmuch as the second and third grounds of demurrer do not appear to require serious consideration, it follows that the judgment appealed from should be reversed.

Judgment reversed, demurrer overruled, and the proceeding remitted to the clerk of Yates county, pursuant to section 547 of the Code of Criminal Procedure, in order that the defendant may plead to the indictment. All concur.