[No. 15480. Department Two. December 15, 1919.]

## THE STATE OF WASHINGTON, *Respondent,* v. SAM KAUKOS *et al., Appellants.*[1]

CRIMINAL LAW (107)—EVIDENCE OF OTHER OFFENSES. In a prosecution of two persons for opening and carrying on a gambling game as owners or managers, on a certain date, evidence of like offenses in the same place on other days in which both participated is admissible not only for the purpose of showing that defendants were operating the game in question, but to show their interest as owners or managers; as the offense may be committed by a series of acts.

GAMING (17)—EVIDENCE—SUFFICIENCY. A conviction of conducting a gambling game as owner or manager is sustained by evidence that accused was one of the owners of the premises and furniture, and was present and participated in the game.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered May 19, 1919, upon a trial and conviction of conducting a gambling game. Affirmed.

*W. H. Abel,* for appellants.

*J. E. Stewart* and *J. A. Hutcheson,* for respondent.

BRIDGES, J.—The information in this case charged the defendants jointly with the crime of opening, conducting, carrying on and operating, as managers, owners or dealers, a gambling game known as stud-poker, on or about the 23d day of March, 1919, in the county of Grays Harbor, state of Washington. The information is substantially in the words of the statute. The defendants were tried jointly, found guilty and sentenced. From that judgment, they appeal.

The testimony tended to show that, some time prior to the date alleged in the information, the two defendants leased the premises in which it is charged the crime was committed, and that, at about the same

[1]Reported in 186 Pac. 269.

time, they purchased, or otherwise acquired, furniture for the leased premises; that, on the 19th day of March, 1919, the defendant George Karaiskos was running the game and dealing, and the defendant Sam Kaukos was present and, at least a part of the time, playing in the game as any one else; that, on March 20, 1919, the defendant Sam Kaukos was running the game and dealing; and that, on March 22, 1919, the defendant George Karaiskos was operating the game and dealing, and the defendant Sam Kaukos was present and participating in the same, as did others present; and that, on the 23d of March, the defendant Sam Kaukos was operating the game and dealing, and the defendant George Karaiskos was present and playing in the game, as others were playing. When the evidence was all in, the court required the prosecuting attorney to elect as to which date he would select, and the date mentioned in the information, to wit, March 23d, was selected.

The statute under which the defendants were charged reads as follows:

"Every person who shall open, conduct, carry on or operate, whether as owner, manager, agent, dealer, clerk, or employee, and whether for hire or not, any gambling game or game of chance, played with cards, dice, or any other device, or any scheme or device, whereby any money or property or any representative of either, may be bet, wagered or hazarded upon any chance, or any uncertain or contingent event, shall be a common gambler, and shall be punished by imprisonment in the state penitentiary for not more than five years." Rem. Code, § 2469.

The chief point raised by the appellants is that the court committed prejudicial error in receiving testimony concerning the operation of the game on days other than on the day named in the information. The courts have found it very difficult to lay down any very

precise rules concerning the admission of testimony tending to prove other and distinct offenses. We have not seen any better or clearer discussion of the matter than is contained in *State v. Gottfreedson,* 24 Wash. 398, 64 Pac. 523, wherein Judge Dunbar used the following language:

"The general rule is well established that proof of the commission of a separate and distinct crime will not be admitted for the purpose of aiding the conviction of the defendant for the crime charged. There are exceptions, however, to this general rule, as where the testimony shows a connection between the transaction under investigation and some other transaction, and where they are so interwoven that the omission of the testimony in relation to the other crime would detract something from the testimony which the state would have the right to introduce as tending to show the commission of the crime charged by the defendant, or where it is apparent that the parties had a common purpose in the transaction of both crimes, or where the testimony tending to show the commission of one crime tends to prove a condition of mind which must necessarily be entertained by the defendant in the commission of the crime charged. . . ."

There are, at least, two essential elements which must be proven in order to justify conviction in this case; one is, that the defendants opened, conducted, carried on or operated the game at the time charged in the information, and the other is that they did so either as owners, managers, agents, dealers, clerks or employees. We think the testimony to which objection is made was clearly admissible, not only for the purpose of showing that the defendants were operating the game on the date mentioned in the information, but also for the purpose of showing their interest in the same as owners or managers. The testimony shows that, on the day fixed in the information, Sam Kaukos was actively engaged in operating the game and that,

at that particular time, the other defendant, George Karaiskos, was present and playing. Testimony to the effect that George Karaiskos had operated the game on the previous night and that Sam Kaukos was present and playing, and that the game was operated in like manner on several previous nights, had a strong tendency, along with the other testimony to the effect that both defendants rented the premises and owned the furniture, to show that, on the night named in the information, each defendant was interested in and operating the game. There was a direct connection between the crime charged and those committed on the previous nights. Defendants' connection with the previous games tended to show their connection with the game with which they were charged. In the case of *Bibb v. State,* 83 Ala. 84, 3 South. 711, the court said:

"The offense of keeping a gaming-table may be committed by a single act, or it may be one continuous in its nature, and may therefore be proved by one act, or a series of acts, showing the requisite criminal intention, by the proper measure of proof."

In the case of *Rasor v. State,* 57 Tex. Cr. 10, 121 S. W. 512, the court said:

"Appellant was charged with keeping and being concerned in keeping a place where the people resorted for the purpose of gambling, and did gamble. Evidence going to show acts, control, ownership and direction on the part of appellant of the place where the gambling was done both before and immediately after the day alleged in the indictment is admissible testimony to prove the facts in the case."

In the case of *People v. Schwartz,* 14 Cal. App. 9, the defendant was charged with carrying on the business of bookmaking in violation of the statute. There was testimony tending to prove the carrying on of this business by the defendant at a time other than

that set out in the information.  With reference to this testimony, the court said:

"But this evidence tended to show that the defendant was actually engaged in the business of bookmaking and the acts referred to being similar to the one averred in the information, and having been committed at about the same time, illuminated the act charged, and were admissible to show the true character of the act charged."

In the case of *Chase v. People,* 2 Colo. 509, it was held that, upon an information for keeping a room to be used and occupied for gambling, evidence may be received to show that gambling was carried on in the room prior to the time alleged in the information, for the purpose of explaining the character of the use and the purpose for which it was used.  See, also, *Toll v. State,* 40 Fla. 169, 23 South. 942; *Parshall v. State,* 62 Tex. Cr. 177, 138 S. W. 759; *People v. O'Malley,* 52 App. Div. 46, 64 N. Y. Supp. 843.  The conclusion to which we have come is in harmony with the decisions of this state: *State v. Pittam,* 32 Wash. 137, 72 Pac. 1042; *State v. Craddick,* 61 Wash. 425, 112 Pac. 491; *State v. Hazzard,* 75 Wash. 5, 134 Pac. 514; *State v. Schuman,* 89 Wash. 9, 153 Pac. 1084, Ann. Cas. 1918A 633.  Nor is our holding here out of harmony with the case of *State v. Smith,* 103 Wash. 267, 174 Pac. 9, which is strongly relied on by the appellants. In that case, it was held that testimony of other similar but distinct offenses committed by the defendant was inadmissible.  But there the defendant was charged with selling morphine without a physician's prescription.  Manifestly, the fact that defendant sold morphine without a physician's prescription, at times other than on the date mentioned in the information, had no tendency whatsoever to prove that he com-

mitted the crime referred to on the date charged in the information.

At the close of the case, defendant George Karaiskos moved for a directed verdict of acquittal on the ground that there was no proof tending to show that he was present on the date mentioned in the information, or had any knowledge that a game of poker was being played on that date. The testimony clearly shows, however, that that defendant was present on the date mentioned in the information, and not only had information that the game was in progress, but actually played in the game for a part of the evening. We think this, with the other testimony tending to show his connection with the operation and ownership of the game, was amply sufficient to take the case to the jury. Finding no error, the judgment is affirmed.

HOLCOMB, C. J., MOUNT, FULLERTON, and TOLMAN, JJ., concur.