[No. 16267.  Department Two.  August 30, 1921.]

THE STATE OF WASHINGTON, *Respondent,* v.
FAY McDONALD, *Appellant.*[1]

FORGERY (7)—EVIDENCE—ADMISSIBILITY.  In a prosecution for
forgery, written instruments signed by defendant, which were in
no way connected with the crime charged, were properly intro-
ducible in evidence for the purpose of comparing her signatures
with the alleged forgery.

CRIMINAL LAW (448)—APPEAL—HARMLESS ERROR—ADMISSION OF
EVIDENCE.  Evidence that a check, the indorsement upon which was
alleged to be forged, was presented by defendant's sister in payment
for goods at a store, conceding its inadmissibility as failing to con-
nect defendant with the crime, would not constitute prejudicial
error.

SAME (107)—EVIDENCE—OTHER OFFENSES.  Testimony connecting
a defendant with another and distinct crime is admissible, if it is
closely associated with the crime charged and furnishes evidence
material to that crime.

SAME (107).  In a prosecution for forgery by the indorsement
of payee's name on a check, it was admissible to show in evidence
that the check had been given to a certain man for delivery to the
payee; that the check was in his possession when he visited defend-
ant in her apartment; that this man was killed while in defendant's
rooms and his body buried some distance from the city; and that,
upon disinterment of his body, the check was not upon his person
although other personal articles were found there; such evidence
being relevant for the purpose of showing how defendant might
have become possessed of the check, though having a tendency to
indirectly connect her with another crime.

Appeal from a judgment of the superior court for
Spokane county, Hill, J., entered April 26, 1920, upon
a trial and conviction of forgery.  Affirmed.

*C. T. McDonald, F. W. Girand,* and *C. W. Green-
ough,* for appellant.

*J. B. Lindsley, W. C. Meyer,* and *Clarence A. Orn-
dorff,* for respondent.

[1]Reported in 200 Pac. 326.

Bridges, J.—The information in this case charged the defendant with forging the name of the payee named in a certain check. The state's testimony tended to show that one Mabel J. Musser drew her check to the order of Mrs. Wonderlick for $93.33, and that the defendant wrongfully obtained possession of this check and committed the forgery by indorsing the name of the payee on the back thereof. She was convicted and has appealed to this court.

The appellant first complains that the court permitted the state to introduce in evidence a certain bill of sale given by the defendant, and also a certain check signed or indorsed by her. It seems to be contended that these instruments were not admissible because they did not in any way tend to establish the crime with which appellant was charged. Those instruments showed the signature of the appellant and were introduced for the purpose of comparing the signatures on those instruments with that which was claimed to be a forgery. For this purpose the court properly admitted these papers in evidence.

It is next contended that it was error to permit the state to introduce testimony to the effect that the forged check was presented at a certain store in Spokane for payment, such presentation not having been made by the appellant. There was testimony, however, tending to show that the check was presented by appellant's sister, Marie McDonald. But if this testimony should be considered inadmissible because it failed to connect the appellant with the alleged crime, it certainly was not prejudicial, and under no circumstances could it be said that the error, if it was such, would be cause for reversal.

The state's testimony tended to show that the check given by Mabel J. Musser to the order of Mrs. Wonder-

lick had, at the request of the maker, been delivered into the possession of one McNutt for the purpose, doubtless, of the same being delivered by him to the payee; that McNutt had this check in his possession when he visited the appellant and her sister at their rooms in the Wolverine Apartments, and that, while in those rooms, McNutt was killed and his body thereafter buried some distance from Spokane, and that the body of the dead man had been disinterred and the check was not then upon his person, although other personal articles were found. The appellant particularly objects to that portion of the testimony concerning the killing of McNutt while he was in the Wolverine Apartments, because it is claimed it had a tendency to connect her with a crime other than that for which she was being tried. Since the state accused the appellant of the forgery of the check in question, it became proper, and probably essential, that it should also prove, if it could, how the appellant came into possession of the check to enable her to commit the forgery. It is true, the testimony to which objection is made may have had a tendency to indirectly connect the appellant with another crime, yet that fact alone would not deprive the state of the right to show how the appellant might have become possessed of the check. Testimony connecting a defendant with another and distinct crime is admissible if it is closely associated with the crime charged and furnishes evidence material to that crime. *State v. Kaukos,* 109 Wash. 20, 186 Pac. 269; *State v. Sigler, ante* p. 581, 200 Pac. 323. All the state attempted to show in this connection was that McNutt, who had the possession of the check in question, was killed while in the apartments occupied by the appellant, and we think it was proper that that testimony should be introduced.

It would have been improper for the state to show the details of the killing of McNutt, and it did not undertake to prove such details. It may be that, in answer to proper questions propounded by the prosecuting attorney, the witness gave more of the details of the killing than were necessary, but the questions did not call for such details and the appellant did not undertake to stop the witness, nor did she move to strike any testimony concerning the details. At the trial, the position of the appellant seems to have been that no testimony concerning the killing should be admitted in evidence. We are unable to find any reversible error in the introduction of this class of testimony.

It is also claimed that the cross-examination of Marie McDonald by the prosecuting attorney was improper and prejudicial. Since the appellant has made no further argument on this matter than to claim that it was prejudicial and improper, we do not deem it necessary to say more than that, while the court may have allowed the cross-examiner a wide latitude, we are unable to say that the appellant was in any wise prejudiced thereby.

The judgment is affirmed.

Parker, C. J., Main, Mitchell, and Tolman, JJ., concur.