EDGAR MORGAN v. STATE.

No. A-10000.   Sept. 3, 1941.

(116 P. 2d 742.)

Chester Bender, of Thomas, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Edgar Morgan, was by information charged on September 16, 1940, in the district court of Washita county with the offense of forgery in the second degree, tried, convicted and sentenced to serve a term of two years in the State Penitentiary, from which judgment and sentence he appeals to this court.

The only question presented by counsel for defendant is whether the evidence was sufficient to sustain the conviction.

The prosecuting witness, Junior Carson, was employed at the garage of William Linder in Cordell.  A day or two prior to December 13, 1939, Carson became acquainted with the defendant, Edgar Morgan, who came into the

garage to try to sell some insurance, and stated that he was wanting to buy a car. On December 13, 1939, Carson and the defendant consummated a trade whereby Carson sold to defendant a 1933 De Soto automobile for a consideration of $100. Defendant did not have the cash, but stated that he would have the cash by the following Saturday; and in order to make the prosecuting witness, Carson, secure, the defendant gave Carson a note purportedly executed by one Lee White in the sum of $156, secured by a mortgage on a 1934 Ford automobile, which note was to be paid in twelve monthly installments of $13 each, starting on December 28, 1939. Under the agreement between the parties, defendant told Carson that if he was not able to pay the $100 by the Saturday following· that he could keep the Lee White note and collect the monthly installments from White; that defendant assured him that the Lee White note was good and that the monthly payments would be made. The defendant took the De Soto automobile, but did not make the $100 cash payment the following Saturday or at any time.

Morgan represented to Carson that Lee White was a mechanic at Burns Flat.

The mortgage at the time Junior Carson accepted it was not witnessed. Some two weeks after the transaction, Morgan brought Robert Strong, who he said was a witness to the mortgage, to the place where Carson was working. Strong witnessed the mortgage there. In the trial of the case it was brought out that Strong was a minor; that he had not witnessed the signing of the mortgage alleged by Morgan to have been executed by Lee White; that he did not know Lee White, but was under the impression that he was witnessing a car trade being made at the time he placed his signature on the mortgage.

Prosecuting witness was unable to find Lee White

at Burns Flat. Defendant told him that White had moved from Burns Flat to Butler, and gave directions as to where his house was located. Carson could not find him at Butler, and the people from whom he inquired had never heard of him.

The state introduced testimony that no mechanic by the name of Lee White worked at Burns Flat in 1939.

Bill Armstrong, a constable of Custer county, stated that in 1939 he had been given a check for collection signed by Lee White and endorsed by Morgan. Defendant told him that Lee White was at Burns Flat; that he started to that town with defendant, but that defendant said his car would not make the trip. Armstrong offered to use his own car; Morgan wanted to wait until the day following. The next day Armstrong found Morgan after a search. He refused to go to Burns Flat, but paid the check himself.

Defendant offered no testimony.

In the case of Taylor v. State, 65 Okla. Cr. 432, 88 P. 2d 665, 668, it is stated:

"The question of guilty knowledge, and whether there was an intent to defraud, are questions for the jury to decide under the circumstances. And the proof of this fact may be made by circumstantial, as well as direct, testimony."

The evidence introduced by the state was sufficient to warrant the jury in concluding that defendant sold the note with intent to defraud.

This court has many times held that where there is evidence from which the jury would reasonably and logically find the defendant guilty of the crime charged, in the absence of unusual circumstances, this court will not set aside the jury's verdict on account of insufficiency of the evidence. Browning v. State, 31 Okla. Cr. 373,

239 P. 272; Hardin v. State, 65 Okla. Cr. 260, 85 P. 2d 332.

For the reasons stated above, this case is affirmed.

BAREFOOT, P. J., concurs.    DOYLE, J., absent.