Vernon C. SMITH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12221.

Criminal Court of Appeals of Oklahoma.

Dec. 7, 1955.

Bledsoe, Nicklas & Chrisman, by Fred R. Harris, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Vernon C. Smith, defendant below, was charged by information in the Superior Court of Comanche County, Oklahoma, with having committed the crime of uttering a forged check, in the sum of $53.67, purportedly written on July 24, 1954, drawn on the City National Bank, to the order of C. D. Eatman, and bearing the forged signature of Harry Poston. The check was allegedly uttered on July 24, 1954, to Ed Cagle, of Lawton, Oklahoma, in said County and State, with the intent to defraud said Ed Cagle and Harry Poston, in violation of 21 O.S.1951 § 1577. He was tried by a jury, convicted, his punishment set at 5 years in the State Penitentiary; judgment and sentence was entered accordingly, from which this appeal has been perfected.

The plaintiff in error concedes herein that this appeal is, in effect, an attack upon the sufficiency of the evidence. A brief résumé of the evidence discloses that Harry Poston was engaged in the construction business in the City of Lawton, and on the night of July 24, 1954, his place of business was burglarized by an unknown person, and a check-writing machine and a book of blank checks were stolen. The burglary was discovered about 11:30 P.M. Mr. Poston last observed the check book about 4:00 o'clock that afternoon, and recalled that the number of the last check written, as evidenced by the stub, was the one immediately preceding the forged check herein involved. It further appears that about 11:00 P.M. the defendant appeared at Edward F. Cagle's grocery store and presented for cashing a check purportedly drawn by Mr. Poston in favor of C. D. Eatman, on Poston's account in the City National Bank of Lawton, Oklahoma. The check was made out on a check-writing machine, and appeared to be a payroll check, in the sum of $53.67. When the same was presented to Mr. Cagle, he attempted to contact Mr. Poston by telephone. The defendant observed Mr. Cagle and became quite nervous and fidgety, stating that he would have to step out to his car for a second. Cagle was informed that he, Poston, had not written any such check. Mr. Cagle went outside of the store to locate the defendant but did not find him. Police were notified, and shortly thereafter the defendant was returned to the store where Mr. Cagle identified him. The defendant stated to the Police Officers that he had not attempted to pass any checks. Upon being identified, how-

ever, he changed his statement and informed the Officers that he had found the check on the street. He testified on the preliminary trial that he found the check on the street, but on the trial of the case in chief, he changed his story and said he had been given the check by an unknown stranger at the Idle Hour Beer Tavern. The Cagle grocery store was located about two miles northeast of the Beer Tavern. The defendant testified he walked from the Beer Tavern to the Cagle store. Moreover, he admitted that he had just come to town shortly prior thereto, as a hitchhiker; and had in his possession less than $1 in money.

■ . The evidence is sufficient to sustain the verdict of the jury. The facts disclosed that the check was a forgery; that the same was uttered, with the intent that it be cashed. It was contended that the evidence was insufficient to establish guilty knowledge, but the question of intent to defraud, and guilty knowledge, are both questions for the jury to decide under the circumstances, and these elements may be proved by circumstantial evidence, as well as direct testimony. Taylor v. State, 65 Okl.Cr. 432, 88 P.2d 665. Morgan v. State, 72 Okl.Cr. 377, 116 P.2d 742. A strong circumstance indicating guilty knowledge in the instant case is the fact that when the defendant observed Mr. Cagle making inquiry on the telephone concerning the validity of the check, he fled. It has been repeatedly held by this Court that the State, as a part of its case, may prove the flight of the defendant, and the jury may consider it as a circumstance tending to prove his guilt. Hudson v. State, 78 Okl.Cr. 160, 145 P.2d 774. This principle has long been recognized, for the Scripture records that "the guilty fleeth when no man pursueth." Moreover, they also had a right to consider the fact that the defendant told conflicting stories in relation as to how he came into possession of the check. Such inconsistencies existing in the defendant's testimony, the jury had a right to disregard his testimony altogether. Under the circumstances we do not see how the jury could have arrived at any other conclusion other than that of the defendant's guilt. There was competent evidence from which the jury could reasonably and logically find the defendant guilty of the crime charged, and there are no unusual circumstances involved herein which require this Court to set aside the jury's verdict on account of insufficiency of the evidence. Morgan v. State, supra.

■ The defendant contends that the Court improperly refused to give to the jury his requested Instruction No. 4, as to guilty knowledge. This contention has not been properly preserved as a basis for appeal. No objection was taken to the trial court's failure to give requested Instruction No. 4. It has been repeatedly held where no objection is taken to the instructions of the trial court, such instructions will not be examined by this Court for the purpose of discovering other than fundamental error. Green v. State, 70 Okl.Cr. 228, 105 P.2d 795. We have carefully examined the instructions given by the court and are of the opinion there is no fundamental error contained therein. As a matter of fact, the trial court's Instruction No. 5 substantially covered the question of guilty knowledge.

■ The defendant further contends that the court erred in admitting in evidence the theft of blank checks and the check-writing machine stolen from the office of Mr. Poston. This evidence was clearly admissible, since it established the loss of the check-writing machine, and the check book, as corroboration of Mr. Poston's testimony to the effect that the check uttered by the defendant herein was forged. In 22 C.J.S., Criminal Law, § 691, p. 1138 (N. 61), the rule with reference to the admissibility of such evidence is stated as follows:

"Transactions which are so related to, and connected with, the forgery charged as to be otherwise admissible are not inadmissible because they tend to prove a wholly dissimilar crime, particularly where they constitute part of a connected or continuous transaction on the part of accused."

It is true the testimony to which objection is made may have had a tendency to indi-

rectly connect appellant with another crime, yet that fact alone would not deprive the State of the right to show how the appellant might have become possessed with the check. State v. McDonald, 116 Wash. 668, 200 P. 326. See also People v. Klopfer, 61 Cal.App. 291, 214 P. 878, wherein it was held permissible to show the larceny of a check with a forged indorsement; and People v. Ball, 102 Cal.App. 353, 282 P. 971, wherein the government was permitted to offer evidence that the place of business of the witness had been burglarized and blank checks had been stolen, and the defendant had uttered some of the checks which had been forged, and had one on his person.

We therefore are of the opinion that the evidence of Mr. Poston was admissible for the foregoing reasons.

The judgment and sentence of the lower court is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.