[No. 2588.   Decided September 7, 1897.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS O'HARA, *Appellant*.

CRIMINAL LAW — COMPELLING ACCUSED TO CRIMINATE HIMSELF—APPEAL — SUFFICIENCY OF EVIDENCE.

Although a defendant in a criminal prosecution offers himself as a witness in his own behalf, he cannot be compelled to tes-

tify to matters tending to criminate him, under the constitutional guaranty that "no person shall be compelled in any criminal case to give evidence against himself."

While it is the plain province of the jury under the law to weigh the testimony, yet, when it becomes evident that the accused has been convicted of a crime without any testimony having been introduced against him, it becomes the duty of the courts to interfere and set aside such verdict.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge. Reversed.

*Hopkins & Onstine, George Watkins,* and *A. D. Wilson,* for appellant.

*John A. Pierce,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by

DUNBAR, J.—The appellant was indicted for the crime of arson, and on trial was convicted and sentenced to the penitentiary. The state offered in evidence some letters and a trespass notice purporting to have been written and signed by the defendant. These were admitted over the objection of the defendant, and were filed as exhibits in the case. After the state had rested, and the defendant was introduced as a witness in his own behalf, upon cross-examination, over his objections, he was compelled to testify that the letters and notice above referred to had been written by him. This is alleged as error by the appellant, and we think it unquestionably was error on the part of the court and was in violation of section 9 of article 1 of the constitution, which provides that no person shall be compelled in any criminal case to give evidence against himself. The state had not been able to identify the handwriting of the defendant, and, had it not been for the testimony of the defendant above referred to, the identification could not have been made. The testimony was therefore against the interests of the defendant. This error

would be sufficient to reverse this case, for a constitutional right of the defendant has been invaded; but, in view of the fact that the case, if re-tried, will probably come back here upon the same testimony, we have examined the testimony and concluded that it is entirely insufficient to convict the defendant of the crime charged.

When the state rested the defendant moved the court to discharge the prisoner upon the following grounds: (1) That the state had failed to prove that the fire was of incendiary origin; (2) That the evidence of the state was insufficient to sustain a verdict of guilty; (3) That there was no evidence tending to connect the defendant with the fire in any way. This motion was overruled. It is true that, after the state had rested and the defendant had rested, the state introduced a witness who testified that in his opinion the handwriting in the exhibits was the same as the handwriting in an anonymous and threatening note which was found on the premises and adjacent to the burnt building. This testimony was exceedingly weak, and a comparison of the note with the exhibits referred to convinces us that there is no similarity whatever in the handwriting. However, the testimony of the expert went to the jury, and they probably had a right to consider it, weak as it was. But at the time this motion was made, this testimony had not been introduced, and the state had absolutely failed to connect the defendant in any way with the commission of this crime, if a crime had been committed. There is nothing to be said of this testimony except that there was no testimony at all introduced which would direct a reasonable suspicion towards this defendant, and, while it is the plain province of the jury under the law to weigh the testimony, yet when it becomes evident that a citizen has been convicted of a crime without any testimony having been introduced against him, it be-

comes the duty of the courts to interfere and set aside such a verdict.

The judgment will be reversed and the case remanded with instructions to the court to grant the motion to discharge the defendant.

SCOTT, C. J., and ANDERS and REAVIS, JJ., concur.

### ON PETITION FOR RE-HEARING.

*Per Curiam.*—The respondent in its petition for re-hearing complains that the court did not pass upon its motion to strike the statement of facts filed in this cause, and because the opinion was based upon the consideration of said statement of facts. The court did consider the motion and overruled the same, which, however, it neglected to mention in its opinion upon the merits. The petition for re-hearing will be denied.