[No. 12916.   Department One.   January 28, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v. ISAAC BROOKS, *Appellant*.[1]

WITNESSES — PRIVILEGE — ACCUSED AS WITNESS — CROSS-EXAMINA-TION.  Where the accused takes the stand in his own defense, he is subject to all the rules of law relating to the cross-examination of other witnesses.

CRIMINAL LAW—TRIAL—WITNESSES — CREDIBILITY — QUESTION FOR JURY.  The credibility and mentality of the prosecuting witness, who positively identified the accused, is a question for the jury, notwithstanding that he was a moral pervert and associated with disreputable persons, where those matters were fully gone into at the trial.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.  A new trial for newly discovered evidence is properly denied where it merely related to the credibility of the prosecuting witness, which had been fully gone into at the trial, and was simply cumulative upon that point.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered May 5, 1914, upon a trial and conviction of a criminal offense.   Affirmed.

*William M. Thompson*, for appellant.

*Harold B. Gilbert*, for respondent.

MOUNT, J.—The appellant was convicted of the crime of castrating the prosecuting witness.   He appeals from that judgment.

While a number of errors are assigned, the argument is based upon three contentions, as follows:   First, that the appellant did not have a fair trial; second, that the evidence is not sufficient to sustain the conviction; and third, that the court erred in denying the motion for a new trial.   We shall notice these contentions briefly.

It is argued, first, that the court erred in allowing the prosecuting attorney, upon cross-examination, to inquire the names of associates of the appellant, and statements made by

[1]Reported in 154 Pac. 795.

him upon different occasions relating to castration, and questions of that character. We shall not set out these statements because of their disgusting character. It is sufficient to say that, when a defendant voluntarily goes upon the stand in his own behalf, he is subject to all the rules of law relating to cross-examination of other witnesses. *State v. Morden,* 87 Wash. 465, 151 Pac. 832. We are satisfied that the cross-examination in this case was within the rule there announced.

Second: The principal contention of the appellant is that the evidence is insufficient to sustain a conviction, because the appellant was not sufficiently identified as one of three persons who assisted in the castration of the prosecuting witness. The prosecuting witness went upon the stand and positively identified the appellant as one of the men who held him while another assisted in holding him, and another used a knife upon the prosecuting witness. The appellant argues that, because the fact that the prosecuting witness was shown to be a moral pervert, and that he associated with disreputable characters, and because of his mentality, he was unworthy of belief. The question of the mentality of the prosecuting witness, the character of his associates, his disgusting habits, and all these things, were fully gone into at the trial of the case; so that the credibility of the witness was for the jury to determine. After considering all the evidence in the case, and being properly instructed upon the question, the jury found beyond a reasonable doubt that the accused was one of the men who assisted in the forcible castration of the prosecuting witness. We think, under all the evidence, that the question of the credibility of the witness was clearly for the jury. It is not for this court, after a jury and the trial court have passed upon questions of fact of this kind, to determine otherwise.

It is finally argued that the court erred in denying the motion for a new trial upon the ground of newly discovered evidence. There is a showing upon that motion to the effect that, after the trial, the prosecuting witness had threatened

to do counsel for the appellant bodily injury. There is also a showing by affidavits to the effect that certain persons believed the prosecuting witness to be unsound mentally; and an affidavit to the effect that, after the trial, the prosecuting witness was mistaken in the identity of an officer who had arrested him at one time. This is claimed to be newly discovered evidence upon which the trial court should have granted a new trial. The question of the mentality of the prosecuting witness, and the question of his credibility, were fully gone into at the trial. The showing made, we think, amounts to the same thing as was gone into upon the trial. It is simply cumulative; and we think it is insufficient to justify us in reversing the lower court.

We find no prejudicial error. The judgment must therefore be affirmed.

MORRIS, C. J., FULLERTON, CHADWICK, and ELLIS, JJ., concur.