[No. 15662. Department One. August 22, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. A. F.
SIGLER, *Appellant*.[1]

CRIMINAL LAW (107)—EVIDENCE—OTHER OFFENSES. In a prose-
cution for unlawfully having sexual intercourse with a female child
under the age of eighteen years, evidence that defendant had given
the prosecuting witness capsules to prevent pregnancy, and that he
had arranged with a physician to operate upon her to bring about
a miscarriage, was properly admissible as directly tending to estab-
lish his guilt of the crime charged, though such proof tended to
show guilt of other offenses.

RAPE (1, 5)—STATUTES—"PREVIOUS CHASTE CHARACTER"—DE-
FENSES. Under Rem. Code, § 2436, making it a crime to carnally
know a female child "fifteen and under eighteen years of age, and
of previously chaste character," a requested instruction "that the
phrase 'previously chaste character' is not limited alone to sexual
intercourse, but includes purity in conduct and principle up to the
time of the commission of the alleged offense," was properly refused,
since the term "previously chaste character" means an actual physi-
cal condition as distinct from a chaste state of mind.

RAPE (19)—EVIDENCE—"PREVIOUS CHASTE CHARACTER"—PRESUMP-
TIONS. In a prosecution for having carnal knowledge of a female
child between fifteen and eighteen years of age, a requested instruc-
tion that "previously chaste character . . . . is not presumed
but must be proven by the state as a fact," was properly refused,
the rule in this state being that the chastity of the woman will be
presumed in cases of this character.

TRIAL (101)—INSTRUCTIONS—REQUESTS ALREADY GIVEN. The re-
fusal of a proper requested instruction is not error where the court,
in its own language, substantially charges the jury to the same
effect.

CRIMINAL LAW (358, 362)—NEW TRIAL—CUMULATIVE EVIDENCE.
The refusal of the court to grant a new trial because of newly dis-
covered evidence did not show an abuse of discretion, where it ap-
peared that the new evidence was largely cumulative, and would
not be likely to change the result at another trial.

Appeal from a judgment of the superior court for
Yakima county, Holden, J., entered February 24, 1919,
upon a trial and conviction of rape. Affirmed.

[1]Reported in 200 Pac. 323.

*H. J. Snively,* for appellant.

*O. R. Schumann* and *J. Lenox Ward,* for respondent.

Bridges, J.—The defendant was convicted of the crime of having unlawful sexual intercourse with a certain female child, not his wife, of previous chaste character, who, at the time of such offense, was more than fifteen and less than eighteen years of age. He appeals to this court for redress.

His first complaint is that the court permitted the state to introduce evidence showing, or tending to show, the commission by him of other and independent crimes. The testimony particularly objected to is that of the prosecuting witness to the effect that the defendant would take her to the big cities and make money with her, and that he kept certain capsules which he gave her for the purpose of preventing pregnancy, and also certain other testimony tending to show the appellant's connection with an abortion operation performed, or planned to be performed, upon the person of the prosecuting witness. The rule in this jurisdiction, with reference to these matters, is that:

"Proof of the commission of a separate and distinct crime will not be admitted for the purpose of aiding the conviction of defendant for the crime charged. There are exceptions, however, to this general rule, as where the testimony shows a connection between the transaction under investigation and some other transaction, and where they are so interwoven that the omission of the testimony in relation to the other crime would detract something from the testimony which the state would have a right to introduce as tending to show the commission of the crime charged by the defendant. . . ." *State v. Gottfreedson,* 24 Wash. 398, 64 Pac. 523; *State v. Kaukos,* 109 Wash. 20, 186 Pac. 269.

The rule is well stated in *State v. Geddes,* 22 Mont. 68, 55 Pac. 919, as follows:

"While it is thoroughly well established that the commission of one crime cannot be proved on the trial of a defendant for another, merely for the purpose of inducing a belief in the minds of the jury that the accused is guilty of the crime for which he is being tried, on the other hand it is a part of the criminal law that whatever testimony directly tends to establish the guilt of a person on trial of the crime charged is proper, even though it tends to show guilt of another distinct offense."

The testimony objected to here was not in violation of the principles so announced. One of the questions to be proved by the state and determined by the jury was whether the appellant had carnal knowledge of the prosecuting witness. Any testimony tending to show that such relationship had existed was competent, and so testimony to the effect that the appellant obtained and gave to the prosecuting witness capsules to prevent her from becoming pregnant had a strong tendency to prove the charge that he had had sexual relations with her. Also, the testimony to the effect that the appellant had made arrangements with a certain physician to perform an operation upon the prosecuting witness for the purpose of bringing about a miscarriage was proof tending to show that the appellant was responsible for the condition of the witness. The state would not have had any right to go into the details concerning these matters. This the trial court recognized, and constantly kept such details out of the case. In fact, time and again during the trial, it warned the jury that they were to try the defendant on the charge specified in the information, and that they should consider testimony concerning other offenses only in so far as it bore upon the guilt or innocence of the defendant of the crime with which he was charged. There was no error in receiving this testimony. What

we have said will be sufficient to answer the objections of appellant concerning certain statements made by the prosecuting attorney in his opening statement.

The statute under which the information was drawn is § 2436, Rem. Code, and reads as follows:

"Every person who shall carnally know and abuse any female child under the age of 18 years, not his wife, shall be punished as follows:   .   .   .

"(3)   When such child is fifteen and under eighteen years of age, and of previously chaste character, by imprisonment in the state penitentiary for not more than ten years, or by imprisonment in the county jail for not more than one year".

The trial court instructed the jury that if, before the time alleged in the information, the prosecuting witness had been carnally known she would not be of previous chaste character, and that, "No act of indiscretion or indecorum on her part, no matter how serious, could constitute her unchaste within the meaning of these instructions, if she had not been carnally known." The appellant requested, and the court refused to give, the following instruction:

"You are instructed that the phrase 'previously chaste character' is not limited alone to acts of sexual intercourse, but includes purity in conduct and principle up to the time of the commission of the alleged offense."

The appellant's argument is that:

"The common understanding of the word 'character' . . . does not include a physical condition, but instead, it is understood, as applied to a human being, to define and describe a condition arising largely from the action of the mind".

The substance of appellant's argument on this question is tersely stated in the case of *Andre v. State*, 5

Iowa 389, 68 Am. Dec. 708, cited by him, where that court said:

"We cannot think that a female who delights in lewdness—who is guilty of every indecency, and lost to all sense of shame, and who may be even the mistress of a brothel—is equally the object of this statute (if she has only escaped actual intercourse) with an innocent and pure woman. . . . The statute is for the protection of the pure in mind, or the innocent in heart, who may have been led astray, seduced from the path of rectitude . . .

"Finally, it seems to us, that if the legislature intended, as argued by the prosecution, it would have used the phrase 'a woman previously chaste' or 'of previous chastity' or the like, which are directly natural words to express the idea of actual chastity or chastity in fact. . . ."

The appellant's contention is novel and interesting, but, in our judgment, unsound. Indeed, the question is not an open one in this jurisdiction.

The case of *State v. Dacke*, 59 Wash. 238, 109 Pac. 1050, was one under the statute here being considered. We there said:

"The term 'of previously chaste character' means the same in law as in morals. It describes a condition of sexual purity. It means a female who has never submitted herself to the sexual embraces of man, and who still retains her virginal chastity."

The case of *State v. Workman*, 66 Wash. 292, 119 Pac. 751, was also a case of the same character as that now before us. We there said:

"The obvious purpose of the statute is to protect females of fifteen and under eighteen years of age, even in case of actual consent. The words 'previously chaste character' as used in the statute must, therefore, be construed to mean an actual physical condition, as distinct from a chaste state of mind as shown by general conduct."

The courts generally are in accord with this court in the construction of similar statutes. Some of such cases are the following: *Marshall v. Territory,* 2 Okl. Cr. App. 136, 101 Pac. 139; *Kenyon v. People,* 26 N. Y. 203, 84 Am. Dec. 177; *Carpenter v. People,* 8 Barb. (N. Y.) 603, 35 N. Y. Cr. 341; *People v. Clark,* 33 Mich. 112.

While the appellant cites several cases in support of his contention, in addition to *Andre v. State, supra,* none of them, other than the *Andre* case, supports him. We have no doubt that the previous decisions of this court on this question are correct, and we have no disposition to depart from them.

Appellant also complains that the court did not give his requested instruction as follows:

"You are instructed that an element of this alleged offense is the previously chaste character of Elsie Stump. This is not presumed but must be proven by the state as a fact, like any other fact, and beyond a reasonable doubt, and if you have any reasonable doubt as to whether or not Elsie Stump was of previously chaste character, prior to the commission of the alleged offense, then the defendant should be acquitted."

Appellant argues that the chastity of the prosecuting witness will not be presumed, but must be proved by the state. While the courts are not in harmony on this question, this court has long since held that, in cases of this character, the chastity of the woman will be presumed and that it is not necessary that the state prove it. *State v. Jones,* 80 Wash. 588, 142 Pac. 35; *State v. Storrs,* 112 Wash. 675, 192 Pac. 984, 197 Pac. 17.

The appellant also claims error because the court refused to give the following instruction requested by him:

"You are further instructed that, in considering whether or not Elsie Stump, at the time of the commis-

sion of the alleged offense, was of previously chaste character, you may give full weight to all circumstantial evidence bearing upon the said issue, and if you find that there be any circumstantial evidence from which you can infer any fact bearing upon such issue, you should consider the same and give it full force and effect in connection with all of the other evidence in the case."

The trial court permitted the appellant to put in much testimony showing the character and conduct of the prosecuting witness, from which the jury might have concluded that she was not chaste prior to the time of the alleged offense. While the court refused to give the instruction requested by the appellant, it did give one substantially to the same effect, for it informed the jury that:

"Before the defendant can be convicted you must be convinced, beyond a reasonable doubt, that, at the time of the act of intercourse with the defendant, if there was one, Elsie Stump was of previously chaste character, and in passing on this question you should consider all facts and circumstances disclosed by the evidence which relate to this question, and give them such weight or credence as you deem them fairly entitled to."

The instruction thus given was amply sufficient for the purpose.

It is further contended that the court erred in refusing to grant a new trial, first, because the evidence was insufficient to support the verdict; and second, because of newly discovered evidence.

That there was amply sufficient evidence to support the verdict, there cannot be any reasonable question. The chief defense was that the prosecuting witness was not of previous chaste character. On this question there was a direct conflict of the testimony. The prosecuting witness herself testified that her first act of

intercourse was with the appellant at the time alleged in the information.

Nor do we think the court was in error in failing to grant a new trial because of newly discovered evidence. The record discloses that such newly discovered evidence was that of one Lola Fern Allen and a girl named "Sunshine" Johnson. Both of these persons made affidavits to the effect that, some months previously to the time of the alleged offense, Elsie Stump had told them that she had theretofore had sexual relations with certain young men. It is also shown by the affidavits that, at the time of the trial, neither the defendant nor his attorneys knew, nor by the exercise of reasonable care could they have known, that these two young ladies would testify as shown by their affidavits. In addition to this newly discovered evidence being of a cumulative nature, its strength was greatly weakened by counter-affidavits presented by the state. One of those affidavits was made by "Sunshine" Johnson, in which she states that her previous affidavit erroneously stated the facts, and that the prosecuting witness had not told her, as therein stated, that she had previously had sexual relations with young men, but that what she had said was that she had permitted certain young men to do with her as they liked. The state also produced affidavits which tended strongly to show that, prior to the time of the alleged offense, both Miss Johnson and Miss Allen had stated that they knew nothing derogatory of the character of the prosecuting witness, or concerning her chastity, and the prosecuting witness also made an affidavit denying that she had had any such conversations with those two young ladies. The trial court manifestly believed that such newly discovered evidence would not, at another trial, be likely to change the result. Under such circumstances, we

feel impelled to hold that the showing with reference to the newly discovered evidence was insufficient to require us to hold that the court abused its discretion in failing to grant a new trial on that account.

We do not find any prejudicial error, and the judgment is affirmed.

PARKER, C. J., FULLERTON, and HOLCOMB, JJ., concur.