[No. 16881. Department One. April 8, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN R. CROWDER, *Appellant*.[1]

RAPE (21) — EVIDENCE — ADMISSIBILITY — PERSONAL RELATIONS— OTHER ACTS. In a prosecution for statutory rape upon a child under the age of consent, evidence of the details of other acts of sexual intercourse is admissible in corroboration of the prosecutrix, where the time covered was but two months, during which their relations were continuous.

WITNESSES (84, 94)—CROSS-EXAMINATION—ACCUSED AS WITNESS— CONSTITUTIONAL PRIVILEGE. While accused, by taking the stand, submits himself to proper cross-examination upon a pertinent subject, yet, under Const., art. 1, § 9, providing that no person shall be compelled to give evidence against himself, such cross-examination (aside from impeachment) must be based only upon subjects opened up by his examination in chief.

SAME (84, 94). In a prosecution for statutory rape, on a day certain, in which the accused took the stand and testified to forming an acquaintance with the prosecutrix, but that the same had terminated prior to the day in question, it is a violation of his constitutional right against self incrimination to compel him, on cross-examination, to testify to acts of intercourse with the prosecuting witness on three or four occasions, one being the act relied on by the state.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered April 26, 1921, upon a trial and conviction of rape. Reversed.

*George A. Joiner* and *R. V. Welts*, for appellant.
*W. L. Brickey* and *W. H. Hodge*, for respondent.

TOLMAN, J.—This is an appeal from a judgment entered upon a verdict of guilty of the crime of carnally knowing a female child under the age of eighteen years.

[1]Reported in 205 Pac. 850.

While a number of assignments of error are made, those chiefly argued and relied upon may be grouped under two heads, and we will confine ourselves to the two questions thus presented.

It is conceded that, in cases of this character, the prosecuting witness may testify to acts of intercourse other than, and prior in time of occurrence to, the one upon which the defendant is being tried, as showing the relations of the parties, and tending to corroborate other evidence going directly to the offense charged. But it is contended that the details of such prior acts are inadmissible, and more especially that subsequent acts and the details thereof are wholly inadmissible for any purpose. As to the inadmissibility of the details, appellant cites and relies upon *State v. Sigler,* 116 Wash. 581, 200 Pac. 323, and *State v. McDonald,* 116 Wash. 668, 200 Pac. 326; but these cases each deal with a wholly different and independent crime, the details of which would have no bearing upon the issue being tried, and are not controlling upon the question here presented. In this case the prosecuting witness was examined in chief as to her relations with the accused from the beginning to the end of them, the time covered being less than two months, and there being no break in the relations during that period, the prosecutor announcing that he would, in due time, elect as to which particular act he would rely upon for conviction. Any one of the acts detailed by the witness would have been sufficient under the information.

"The general rule that evidence of other crimes is inadmissible does not apply to proof of other acts of sexual intercourse between the parties in statutory rape cases, that is, in prosecutions for rape on a female under the age of consent, or on a woman imbecile, even though such other acts constitute separate and distinct crimes. Provided they are not too remote

in time or otherwise, such other acts are relevant and admissible to show the lustful disposition of defendant as well as to show the existence and continuance of the illicit relation, to characterize and explain the act charged, and to corroborate the testimony of the prose-cutrix as to that act. Evidence of acts prior to the one charged is quite generally held admissible, and, except in a few jurisdictions, evidence of subsequent acts is also admissible." 16 C. J. 608.

See, also, *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810.

We hold, therefore, that, under the conditions here shown, the evidence of the details of what later proved to be prior and subsequent acts was properly admitted.

The second question relates to the cross-examina-tion of the accused, who presented himself as a witness in his own behalf. On direct examination he testified that he became acquainted with the prosecuting wit-ness and called at her home quite frequently; that he ceased to call upon her about April 1920 (a time sub-sequent to the particular act which the state elected to rely upon), and that he had not called upon her or been out with her at any time during certain subse-quent months. This, with the details of an offer and certain efforts to marry the prosecuting witness, com-prise the gist of his testimony in chief, so far as it is now material. On cross-examination, over strenuous and detailed objections, he was compelled to testify that he did have intercourse with the prosecuting wit-ness on three or four occasions, one being the act upon which the state elected to rely.

Appellant, in support of his position that such cross-examination constitutes reversible error, relies on § 9 of art. I, of our state constitution, which reads:

"No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense."

and upon Rem. Code, § 2148 (P. C. § 9241), which, among other things, provides:

". . . any person accused of any crime in this state, by indictment, information, or otherwise, may, in the examination or trial of the cause, offer himself, or herself, as a witness in his or her own behalf, and shall be allowed to testify as other witnesses in such case, and when accused shall so testify, he or she shall be subject to all the rules of law relating to cross-examination of other witnesses."

And also, upon Rem. Code, § 2152 (P. C. § 9218), which provides:

"The rules of evidence in civil actions, so far as practicable, shall be applied to criminal prosecutions."

As to the constitutional question, there is no doubt that, when the accused takes the witness stand in his own behalf and by his testimony in chief opens up a pertinent subject, he thereby submits himself to proper cross-examination on such subject, and may not prevent or defeat cross-examination thereon by claiming the protection of the constitutional provision. *State v. Duncan,* 7 Wash. 336, 35 Pac. 117, 38 Am. St. 888; *State v. Melvern,* 32 Wash. 7, 72 Pac. 489; *State v. Hill,* 45 Wash. 694, 89 Pac. 160; *State v. Peeples,* 71 Wash. 451, 129 Pac. 108; *State v. Morden,* 87 Wash. 465, 151 Pac. 832; and *State v. Brooks,* 89 Wash. 427, 154 Pac. 795. In most, if not all, of the cases just cited the rule is laid down expressly, or by necessary implication, that a defendant in a criminal case, who voluntarily takes the witness stand in his own behalf, is subject to all the rules relating to the cross-examination of other witnesses.

Upon the subject of the cross-examination of the accused, there seems to be at least three fairly well defined rules: first, the English or orthodox rule, to the effect that the taking of the witness stand is a

complete waiver as to all facts, including those which merely affect credibility; second, that the waiver extends only to matters relative to the issue, and does not permit cross-examination on collateral matters such as merely affect credibility; and third, the rule, usually founded on a statute, which subjects the accused to such cross-examination as may be given to other witnesses, or (leaving out the question of impeachment, not material here) permits of cross-examination based only upon subjects opened up by his examination in chief. This is generally referred to as the "American rule," and is thus defined in 28 R. C. L. § 194, p. 604:

"Until 1827, the orthodox rule seems to have been almost universally followed. But in a Pennsylvania case decided in that year it was said that a witness might not be cross examined to facts which are wholly foreign to what he had already testified. Subsequently the broad rule was laid down by the United States supreme court, that a party has no right to cross examine any witness except as to facts and circumstances connected with the matters stated in his direct examination. If he wishes to examine him as to other matters, he must do so by making the witness his own, and calling him as such in the subsequent progress of the cause. This rule, commonly known as the 'American rule,' has now become firmly established in the federal courts and in the courts of most jurisdictions of this country. The reasons usually designed for its adoption are that it prevents a confusion of the cases made out by the opposing witnesses, and places the parties on an equal footing, preventing either from having an unfair advantage over the other in the matter of cross examination. Under this rule a witness may not be asked any question on cross examination which does not tend to rebut, impeach, modify, or explain any of his testimony. Of course it is error for the trial court to refuse to permit the cross examination of a witness to extend to all matters germane to

the direct examination, as such a cross examination is a matter of absolute right and is not a mere privilege. In those jurisdictions where the American rule is followed, the courts frequently say, in effect, that a party to a cause may not introduce a defense by cross examining his adversary's witness as to matters not germane to the direct examination, but if a question is within the scope of the direct examination it is not objectionable on cross examination because it tends to establish a defense to the action.''

This rule has been so largely adopted and followed in this country that it seems unnecessary to cite further authorities, though it must be admitted that there are some seeming inconsistencies in its application. While this court has never passed squarely upon this question in a criminal case, yet in civil cases there remains no doubt, and from the language of the statutes quoted and the expressions contained in our cases hereinbefore cited, it cannot be doubted that we are bound to the doctrine of the modern, or American rule, and it only remains to apply it to the facts in this case.

It is argued by the state, that, when the appellant testified to an acquaintance with the prosecuting witness, and that he had called at her home quite frequently, he thereby opened up the whole subject of his relations with her. If the facts testified to in chief had directly, or by inference, tended to dispute or deny the charge, there might be force in this position; but, as we view it, the testimony referred to had no such possible effect. An acquaintance usually precedes such acts as are here charged, but such acts do not invariably, or even usually follow an acquaintance between persons of the opposite sex, and if the evidence was material at all, it tended towards corroboration of the state's evidence rather than otherwise. The

purpose of cross-examination is to break or weaken the force of the testimony given in chief; it must be used as a shield and not as a sword, and as the state had already, as a part of its own case, offered evidence to prove the identical facts testified to on direct examination by appellant, it could hardly have desired, by its cross-examination, to accomplish the legitimate result of breaking or weakening appellant's testimony in that respect. Moreover, the testimony elicited on cross-examination had no such purpose or effect, but its evident purpose, which was fully accomplished, was to cause the appellant to incriminate himself. This, in *State v. O'Hara*, 17 Wash. 525, 50 Pac. 477, 933, it was held, could not be done.

The other assignments of error have been considered, but deeming them not well taken, we do not consider it necessary to discuss them.

For the reasons indicated, the judgment must be and it is reversed, and the case remanded for a new trial.

PARKER, C. J., MITCHELL, and BRIDGES, JJ., concur.