[No. 17027. Department One. July 13, 1922.]

JOSEPH SCOCCIA, *Respondent*, v. E. S. STREETER *et al.*,
*Appellants.*[1]

APPEAL (454)—HARMLESS ERROR—EVIDENCE—FACTS OTHERWISE
ESTABLISHED. Erroneously limiting the cross-examination is harmless where the witness later testified fully on the subject.

WITNESSES (79, 80)—CROSS-EXAMINATION—LIMITATION. Where a witness testified only as to the fact of employment, cross-examination as to the instructions he received is properly excluded.

MASTER AND SERVANT (183)—LIABILITY FOR TORTS OF SERVANT—SCOPE· OF EMPLOYMENT—INSTRUCTIONS. In an action against a master for a wrongful arrest by a servant, where an instruction, taken as a whole, correctly states the rule that, to bind the master, the servant must have acted within the scope or line of his duty, the statement that "so long as he acts in the line of his duty and *does things which he thinks pertains to that service*," the master is responsible, was not susceptible to misconstruction.

ASSAULT (5)—CIVIL LIABILITY—DAMAGES—EXCESSIVE VERDICT. A verdict for $1,040 for a wrongful arrest will not be held excessive, when, from the detention and other surrounding circumstances, the court cannot say that it was influenced by passion or prejudice.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered April 18, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Davis & Neal* and *C. E. Stevens,* for appellants.

*Bates & Peterson* and *S. A. Gagliardi,* for respondent.

TOLMAN, J.—Respondent prosecuted this action below to recover damages suffered through an alleged assault and wrongful arrest. The case was tried to a jury, which returned a verdict in his favor for $1,040. From a judgment on the verdict, the defendants below have appealed.

Reported in 207 Pac. 1044.

The individual appellants were employees of the appellant corporation, Judson being the then acting manager of the corporation and having supervision over the other appellants. Judson was called as a witness by respondent to prove the employment of Streeter. Having testified in chief to the bare fact of such employment, he was asked on cross-examination to state what instructions were given to Mr. Streeter, to which an objection was interposed upon the ground that it was improper cross-examination, and the objection being sustained, that ruling is assigned as error. The first and most complete answer to this assignment is that appellant suffered no prejudice therefrom. Mr. Judson was later called as a witness on behalf of the appellant and was properly permitted to testify fully upon the subject of the instructions given to Mr. Streeter. Manifestly, at the time the objection was made, it was properly sustained, because the fact of employment only had been brought out in chief, hence there was no other subject properly open for cross-examination. *State v. Crowder,* 119 Wash. 450, 205 Pac. 850.

It is next contended that the trial court erred in giving the following instruction:

"Where a person or corporation employs another to perform a certain duty, they are responsible in law for the acts or conduct of such person so employed while he is performing such duty. And even if the servant exceeds his power and authority and does an act which the master does not authorize him to do, yet so long as he acts in the line of his duty, and does things or attempts to do things which he thinks pertains to that service, then the master is responsible for his acts while so acting. In this case while the lumber company through its employees could protect its property, it would not be liable for acts of such employees outside the scope of their employment, but

if in arresting a person upon the company's premises they unnecessarily beat and injured him, the company would be liable for such injury; and the individuals doing the beating would also be liable individually.''

criticism being directed to the language ''and does things or attempts to do things which he thinks pertain to that service.'' It may be admitted that this language, taken alone, is unusual, and if it stood alone might possibly be susceptible of a wrong interpretation, but when the instruction is read as a whole it will be found to announce the correct rule that, to bind the master, the servant must have acted within the scope or line of his duty, and we cannot conceive of the jury understanding it otherwise. The most obvious misinterpretation of the instruction would be favorable to the appellants rather than the reverse, and we cannot assume that the jury misinterpreted the instruction in any particular way, and certainly not that it misinterpreted it to the prejudice of appellants.

What has been said in part disposes of other assignments of error based upon the giving and refusal of instructions. We have carefully considered these further assignments, but find no error with respect thereto shown by the record. A discussion of each in detail would serve no good purpose, and we pass therefore to the other questions.

The remaining assignments of error are based upon the denial by the trial court of appellant's motion for judgment at the conclusion of respondent's case, the overruling of motions for a new trial, and for judgment *non obstante veredicto,* and the entry of judgment on the verdict for the reason that the same was excessive. This was peculiarly a case for a jury, both as to the question of whether the servants were acting

within the scope of their employment in the matter complained of and as to the amount of recovery. There is sufficient evidence to sustain the verdict in both respects. From the standpoint of the assault alone, the verdict might appear to be large, but when the arrest, detention, and other surrounding circumstances are considered, we cannot say that the amount allowed is such as to establish passion and prejudice on the part of the jury.

The judgment is affirmed.

PARKER, C. J., BRIDGES, and MITCHELL, JJ., concur.