[Nos. 14054-3-II; 14476-0-II.   Division Two.   March 25, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES
P. SULLIVAN, *Appellant*.

*In the Matter of the Personal Restraint of*
JAMES P. SULLIVAN, *Petitioner.*

*Mark Muenster,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Jeannie M. Bryant, Deputy,* for respondent.

PETRICH, J. — James Sullivan appeals from his convictions on jury verdicts of guilty to the crimes of statutory rape in the first degree, former RCW 9A.44.070(1), and indecent liberties, RCW 9A.44.100(1)(b). The victim was an 11-year-old girl, a member of Sullivan's household. The other members of the household included Sullivan, his wife, and the victim's siblings. On appeal, Sullivan contends that the prosecutor elicited evidence placing him in a high-risk category of sexual offenders in violation of an order in limine, thus entitling him to a new trial; that his right to a fair trial was infringed when a juror was dismissed over objection and replaced by an alternate after most of the evidence had been heard; that he was deprived of a right to a fair trial because of misconduct by the prosecutor; and that the evidence was insufficient to establish statutory rape.

We are satisfied that whether the order in limine was violated was not preserved as an issue for appeal; that Sullivan's right to a fair trial was not infringed by replacing the juror with an alternate; that no prejudice resulted from the claimed misconduct of the prosecutor; and that the evidence was sufficient to support the conviction of statutory rape. Accordingly, we affirm.

## PRESERVATION OF ERROR

Under the State's theory, the incidents on which the charges were based occurred within the Sullivan household, extending over a period of several months. The incidents were not reported immediately. In order to counter the adverse effects of the victim's delayed reports, the State arranged to explain the circumstances of the delay through the testimony of Steve Norton, a Vancouver police investigator. Norton had extensive experience in investigating cases of child abuse and was prepared to testify that such delays were not unusual.

At the beginning of trial, the court, in response to Sullivan's motion for an order in limine, ordered that Norton could not testify so as to "accuse or place Sullivan in a high risk group" but could talk "in general terms about delays in reporting." On direct examination, the following occurred:

Q: Mr. Norton, approximately how many children have you interviewed that have made allegations of child sexual abuse throughout the course of your career?

A: I would say in excess of 1400.

Q: And do some of those children make allegations of abuse with someone in their household?

A: Yes, they do.

Q: Do you have any idea how many children that you have interviewed that have made those types of allegations?

A: I couldn't give you specific numbers but I would say the majority of the cases I've investigated are somebody in the home.

Q: Mr. Norton, based on your experience and training in the field of sexual abuse and your contact with the victims themselves, could you say whether or not it is unusual for a child to have not reported abuse immediately?

A: No, it's not unusual at all.[1]

Sullivan did not object to Norton's testimony at trial nor did he include Norton's testimony as grounds for his motion in arrest of judgment or for new trial.[2]

For the first time on appeal, Sullivan argues that Norton's testimony violated the trial court's order in limine and was improper under *State v. Petrich*, 101 Wn.2d 566, 683 P.2d

---

[1]The State argues that the testimony "does not involve an opinion within the excluded frameworks [of the in limine order], but rather is a foundational question concerning the detective's experience in this particular area of delayed reporting." The State points out that the testimony was couched in terms of "allegations" and "investigations" rather than drawing conclusions amounting to statistically proven facts. Furthermore, the State argues that there was evidence that the victim was abused by another member of the household. Thus, it argues, the evidence did not place Sullivan in a high-risk category, but simply went to explain the delay in reporting.

[2]Sullivan's counsel listed a number of specific claims in support of his motions but ignored this one. The motions were premised on the following:

1. That the court erred in excusing one of the jurors empaneled in the case prior to the conclusion of the trial, thereby preventing the defendant from having a fair trial.

2. That the conduct and argument of the prosecuting attorney during closing arguments deprived the defendant of a fair trial.

3. That the court erred in admitting into evidence over objection of counsel of expert testimony regarding the effect of trauma on a child in pinpointing events in time.

4. That the verdict of decision is contrary to the law and evidence.

5. That the prosecutor indicated she was only requesting a conviction on one count in her opening remarks and the jury returned a verdict on two

173 (1984). In *Petrich*, the child victim's grandfather was charged with statutory rape and indecent liberties. The State's witness, called to explain the victim's delay in reporting the incidents, testified over objection that in " 'eighty-five to ninety percent of our cases, the child is molested by someone they already know.' " *Petrich*, at 576. The court in *Petrich* ruled that the potential for prejudice by inviting the jury to conclude that the defendant is statistically more likely to have committed the crime by virtue of his relationship far outweighs its minimal probative value to explain the reporting delay.

■ With limited exceptions, the rule in Washington is that "a litigant cannot remain silent as to claimed error during trial and later, for the first time, urge objections thereto on appeal." *State v. Guloy*, 104 Wn.2d 412, 421, 705 P.2d 1182 (1985) (quoting *Bellevue Sch. Dist. 405 v. Lee*, 70 Wn.2d 947, 950, 425 P.2d 902 (1967)), *cert. denied*, 475 U.S. 1020 (1986). Where, however, the litigants have advanced the issue below, giving the trial court an opportunity to rule on relevant authority, and the court does so rule, it may not be necessary to object at the time of admission of the claimed erroneous evidence in order to preserve the issue for appeal. A means of giving the trial court an opportunity to rule on admissibility of evidence is the motion in limine.

> "The purpose of a motion in limine is to dispose of legal matters so counsel will not be forced to make comments in the presence of the jury which might prejudice his presentation." Unless the trial court indicates further objections are required

---

counts, thereby indicating that there was an error inherent in the jury deliberations.

6. That substantial justice has not been done.

7. That there was insufficiency of proof of a material element of the crime.

8. The element of penetration of the victim required under the elements of the statutory rape I count.

9. That the jury improperly considered the past experience of one of the jurors in his own personal life on the issue of penetration which was a consideration of the jury of matters not received in evidence and not allowed by the court.

when making its ruling, its decision is final, and the party *losing the motion* in limine has a standing objection.

(Citation omitted. Italics ours.) *State v. Kelly*, 102 Wn.2d 188, 193, 685 P.2d 564 (1984).

A review of the authorities discloses that a standing objection to the introduction of evidence, thus preserving the issue for appeal, has been allowed only to the party losing the motion to exclude the evidence. *See State v. Kelly, supra; State v. Koloske*, 100 Wn.2d 889, 895, 676 P.2d 456 (1984), *overruled on other grounds in State v. Brown*, 111 Wn.2d 124, 761 P.2d 588 (1988), *adhered to on rehearing*, 113 Wn.2d 520, 782 P.2d 1013, 787 P.2d 906, 80 A.L.R.4th 989 (1989); *State v. Evans*, 96 Wn.2d 119, 123, 634 P.2d 845 (1981); *Garcia v. Providence Med. Ctr.*, 60 Wn. App. 635, 641, 806 P.2d 766, *review denied*, 117 Wn.2d 1015 (1991); *State v. Ramirez*, 46 Wn. App. 223, 229, 730 P.2d 98 (1986).

There are sound policy reasons for these holdings. When the trial court has clearly and unequivocally ruled against the exclusion of evidence, the party, in order to preserve the issue on appeal, should not be required to again raise the issue in front of the jury at the risk of making comments prejudicial to its cause, as well as incurring the annoyance of the trial judge.

Here, however, Sullivan received a favorable ruling and the State arguably violated it. Unlike the situation where the motion in limine has been denied, the issue then is not whether the order in limine was proper in the first instance; both parties assume it was and we do too. The issue here is whether the State *violated* the order in limine, and if so, what remedy is called for. The issue of the violation, and of what remedy should be applied, was not brought to the trial court's attention by the original motion in limine. When granting an order in limine to exclude evidence, the trial court considers whether the contested evidence should be admitted. However, it generally does not consider whether erroneous admission of the contested evidence will be preju-

dicial or harmless, or what remedy should be applied to rectify the erroneous admission of the evidence. These matters are considered when a violation is called to the trial court's attention. The trial court has no duty to remedy a violation sua sponte.

It is appropriate then that, where the evidence has been admitted notwithstanding the trial court's prior exclusionary ruling, the complaining party be required to object in order to give the trial court the opportunity of curing any potential prejudice. Otherwise, we would have a situation fraught with a potential for serious abuse. A party so situated could simply lie back, not allowing the trial court to avoid the potential prejudice, gamble on the verdict, and then seek a new trial on appeal.

We are aware that our Supreme Court in *Fenimore v. Donald M. Drake Constr. Co.*, 87 Wn.2d 85, 92, 549 P.2d 483 (1976) stated that where the trial court grants the appellant's motion to exclude evidence no objection is necessary to preserve the right to claim error if the evidence was nevertheless admitted, citing *State v. Smith*, 189 Wash. 422, 65 P.2d 1075 (1937). However, that statement was mere dictum. There, the trial court did not grant but denied the motion when made and, rather than making a final ruling, advised the appellant to object as the evidence was offered, at which time the court would be in a better position to rule on the admissibility.

In *Smith*, the defendant, a former deserter from the United States Marine Corps, was charged with two counts of assault that allegedly occurred while he was employed by management as a private guard during a tense labor-management dispute. There the trial court, in response to the defendant's pretrial motion to exclude any reference to the desertion, ordered that if the State intended to inject on cross examination the manner in which the defendant was separated from the Marine Corps, it first obtain a court ruling on the propriety of such evidence. Ignoring the court ruling, the State, without objection by the defense, inquired of the manner in

which the defendant was separated from the Marine Corps. The trial court denied the defendant's motion for a new trial because no objection was made to the evidence when offered. The trial court was reversed, the Supreme Court ruling that the absence of an objection was not controlling because an objection, even if sustained, was likely more damaging than almost any answer. In view of the State's deliberate disregard of the court's ruling, the Supreme Court ruled that prejudice must be presumed and a new trial should have been given.

In the case before us, Sullivan has failed to demonstrate that the State's questioning was in deliberate disregard of the trial court's ruling or that an objection by itself would be so damaging as to be immune from any admonition or curative instruction by the trial court. We, therefore, hold that in the absence of any unusual circumstance that makes it impossible to avoid the prejudicial impact of evidence that had previously been ruled inadmissible, the complaining party at the time must make a proper objection in order to preserve the issue for appeal. By Sullivan's failure to object, he has waived review of the trial court's action or lack thereof on the violation of the order in limine.

The superior court judgment is affirmed and Sullivan's personal restraint petition is denied.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ALEXANDER, C.J., and MORGAN, J., concur.

Review denied at 122 Wn.2d 1002 (1993).