STATE OF WASHINGTON DIV I
2017 MAR 13 AM 10: 21


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 73864-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| CELSO ORBE-ABARCA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 13, 2017 |
| | ) | |

MANN, J. — Celso Orbe-Abarca was convicted of one count each of second and third degree child molestation based on allegations of sexual contact with D.G. and three counts of first degree rape of a child of J.C. D.G. and J.C. were the children of Orbe-Abarca's then-girlfriend Maria Hinojosa. Orbe-Abarca raises four issues on appeal: (1) that he was prejudiced when Hinojosa violated the trial court's in limine order by offering opinions of Orbe-Abarca's character and credibility, (2) that he was denied effective assistance of counsel after defense counsel conceded that evidence he tried to photograph D.G. while she was in the shower was admissible to show "lustful disposition" under ER 404(b), (3) that the trial court abused its discretion in admitting lay

opinion testimony of a detective, and (4) that cumulative error prejudiced Orbe-Abarca's right to a fair trial. Finding no error, we affirm.

## FACTS

In 2003, Orbe-Abarca met and became romantically involved with Hinojosa, the mother of then eight-year-old daughter D.G. and four-year-old son J.C. Orbe-Abarca and Hinojosa never lived together but lived nearby each other. Orbe-Abarca had free access to Hinojosa's home. In 2009, Orbe-Abarca and Hinojosa had a daughter (X.O.H.) together. Prior to 2011, D.G. twice told Hinojosa that Orbe-Abarca had inappropriately touched her. Hinojosa confronted Orbe-Abarca both times and accepted his explanations. In 2011, D.G., then 16, told Hinojosa that Orbe-Abarca had tried to photograph her while she was naked in the shower. After confronting Orbe-Abarca, Hinojosa ended their relationship. Orbe-Abarca continued to see X.O.H. on weekends.

In 2015, after a dispute over X.O.H.'s diet and Orbe-Abarca's refusal to pay for a new bedroom set, Hinojosa stopped allowing Orbe-Abarca's visits with X.O.H. Orbe-Abarca sought visitation through court. In response, Hinojosa asked D.G., then 20, to report the encounters with Orbe-Abarca to the police. Hinojosa then asked J.C. whether Orbe-Abarca had ever done anything to him. J.C., then 16, disclosed that Orbe-Abarca had raped him on multiple occasions from the time he was 7 years old until he was 12 years old. Both D.G. and J.C. provided statements to the police.

Orbe-Abarca was charged in March 2015 with one count each of second and third degree child molestation based on the allegations of sexual contact with D.G.

-2-

between 2007 and 2010, and three counts of first degree rape of a child of J.C. between 2005 and 2010.

During pretrial motions, the trial court tentatively granted the prosecutor's motion to exclude character evidence of the defendant and the State's witnesses, as neither party intended to offer evidence of that nature. However, the trial court left room for reconsideration, saying if "that should change for some reason, please let me know." The trial court also barred any comments on the defendant's guilt.

Also before trial, the State sought to admit evidence of multiple uncharged incidents between Orbe-Abarca and J.C., as well as evidence that D.G. caught Orbe-Abarca attempting to take a picture of her in the shower. The State argued that the evidence was admissible pursuant to ER 404(b) in order to prove lustful disposition and motive. Orbe-Abarca opposed admission of any uncharged conduct. However, at the pretrial hearing, defense counsel agreed with the State that evidence concerning the shower incident involving D.G. was admissible under ER 404(b). The trial court admitted the evidence.

The jury found Orbe-Abarca guilty on all counts.

## ANALYSIS

### I

Orbe-Abarca argues first that he was prejudiced by four statements Hinojosa made during her direct examination that violated the trial court's pretrial ruling excluding character evidence and comments on the defendant's guilt. Because Orbe-Abarca cannot show prejudice, we disagree.

A

Orbe-Abarca asserts first that Hinojosa improperly commented on the good character of D.G. and J.C. Specifically, after the prosecutor asked Hinojosa "Let's go through all of your children," Hinojosa replied, "Okay. My oldest daughter is [D.G.]. She is going to be 21. Very proud of her. And then there is [J.C.]. He is 16 years old. He is also a very proud of kid." Orbe-Abarca objected to this statement, asserting it violated the "pretrial motion." The court sustained the objection and asked the prosecutor to rephrase the question. Orbe-Abarca did not move to strike the testimony or move for a mistrial.

Orbe-Abarca asserts second that Hinojosa made improper comments on Orbe-Abarca's character and guilt when, after the prosecutor asked her to describe Orbe-Abarca's relationship with her kids, Hinojosa said that Orbe-Abarca did not have a relationship with them. Then, in response to the prosecutor asking if the kids got along with Orbe-Abarca, Hinojosa stated: "No. The kids never like him. Never like him, yeah. They didn't necessarily fight." Orbe-Abarca objected. The trial court sustained the objection. Orbe-Abarca did not move to strike the testimony or for a mistrial.

Orbe-Abarca asserts third that Hinojosa violated the ruling precluding comments on Orbe-Abarca's guilt when she described the first time she confronted Orbe-Abarca with D.G.'s accusation, and said, "[Orbe-Abarca] said—he started kind of—when [Orbe-Abarca] gets nervous, he started smiling." Orbe-Abarca objected without any description of the grounds. The trial court sustained the objection. Orbe-Abarca did not move to strike the testimony or request a mistrial.

-4-

While each of the three statements were objected to and sustained, Orbe-Abarca now argues that he was still prejudiced because "the damage was done and inadmissible evidence went before the jury." Orbe-Abarca's argument is essentially that the trial court erred by not declaring a mistrial, striking the evidence, or providing a curative instruction, even though he did not request any of these actions.

A party who prevails on a pretrial motion is not relieved of the requirement to object and request the necessary relief in order to preserve the issue for review. See State v. Weber, 159 Wn.2d 252, 272, 149 P.3d 646 (2006) (quoting State v. Sullivan, 69 Wn. App. 167, 173, 847 P.2d 953 (1993)).[1] The trial court must be given the "opportunity to determine whether the evidence was "covered by the pretrial motions," or whether the court could "cure any potential prejudice." Weber, 159 Wn.2d at 272. Thus, even when evidence is excluded by a pretrial order, the complaining party should object to the admission of the evidence "in order to preserve the issue for review unless an unusual circumstance exists that 'makes it impossible to avoid the prejudicial impact of evidence that had previously been ruled inadmissible.'" Weber, 159 Wn.2d at 272 (quoting Sullivan, 69 Wn. App. at 173).

The pretrial rulings that Orbe-Abarca argues were violated here were nonspecific and tentative restrictions on the general use of character evidence and 404(b) evidence. The trial court ruling left open the possibility that the restriction could be revisited later on. Orbe-Abarca claims that this testimony violated general rules barring 404(b) evidence. Orbe-Abarca does not argue that the prosecutor asked improper questions,

---

[1] This is in contrast with the rule that a party losing a motion in limine has a standing objection and is not required to lodge a subsequent objection when the evidence is admitted. See State v. Kelly, 102 Wn.2d 188, 192-93, 685 P.2d 564 (1984).

or that the objection by itself was so damaging as to be incurable by a proper instruction.[2] Orbe-Abarca fails to demonstrate that objecting in this case was in itself prejudicial or that a subsequent motion to strike, motion for a mistrial, or request for a curative statement would have been prejudicial by itself.

It is a longstanding principle "that a trial attorney who does not request a remedy forfeits the claim that the trial judge should have imposed that remedy." State v. Giles, 196 Wn. App. 745, 769, 385 P.3d 204 (2016). "'Counsel may not remain silent, speculating upon a favorable verdict, and then, when it is adverse, use the claimed misconduct as a life preserver on a motion for a new trial or on appeal.'" State v. Russell, 125 Wn.2d 24, 93, 882 P.2d 747 (1994) (quoting Jones v. Hogan, 56 Wn.2d 23, 27, 351 P.2d 153 (1960)). At trial, Orbe-Abarca did not move to strike the testimony, move for a mistrial, or in any way indicate to the court that sustaining the objection was insufficient relief. Orbe-Abarca received the relief he requested, and has waived the right to claim that the trial court was required to grant additional relief.

An appellate court will only consider an argument raised for the first time on appeal if the claimed error is a manifest error affecting a constitutional right. RAP 2.5(a). In this case, Orbe-Abarca provides no argument that these violations affected a constitutional right, or that the alleged error was "manifest," meaning it had "'practical and identifiable consequences in the trial of the case.'" State v. Powell, 166 Wn.2d 73, 84, 206 P.3d 321 (2009) (quoting State v. Kirkpatrick, 160 Wn.2d 873, 880, 161 P.3d

---

[2] Generally accepted unusual circumstances that relieve the party of the requirement to object include "when the other party's questions were 'in deliberate disregard of the trial court's ruling,' or 'an objection by itself would be so damaging as to be immune from any admonition or curative instruction by the trial court.'" Weber, 159 Wn.2d at 272 (quoting State v. Smith, 189 Wn. 422, 65 P.2d 1075 (1937)).

990 (2007)). An evidentiary error, such as the erroneous admission of ER 404 evidence, is generally not of constitutional magnitude. Powell, 166 Wn.2d at 84. Only "an explicit or almost explicit" opinion on the defendant's guilt or a victim's credibility can constitute manifest error. State v. King, 167 Wn.2d 324, 332, 219 P.3d 642 (2009) (citing State v. Kirkman, 159 Wn.2d 918, 926, 155 P.3d 125 (2007)).

None of Hinojosa's statements rose to the level of "explicit or almost explicit" comments on Orbe-Abarca's guilt or the victims' reliability. First, Hinojosa's testimony did not indicate that her pride in her children was related to their honesty or credibility. Second, Hinojosa's statement that her children never liked Orbe-Abarca was no more a comment on Orbe-Abarca's guilt than her general testimony about her children telling her that Orbe-Abarca was sexually assaulting them. Finally, Hinojosa's statement that Orbe-Abarca smiles when he gets nervous is permissible. Testimony regarding a defendant's reaction is not necessarily an opinion of guilt, and is admissible when, as here, the statement was based on factual observations that supported the witness's conclusion. State v. Day, 51 Wn. App. 544, 552, 754 P.2d 1021 (1988). Hinojosa was describing Orbe-Abarca's demeanor at the time she confronted him and based on her personal observations. Moreover, Hinojosa's statement did not infer guilt. It is reasonable to assume that a person being accused of having improper sexual contact with a child would be nervous regardless of guilt.

B

Orbe-Abarca asserts finally that Hinojosa improperly commented on Orbe-Abarca's character when, in response to the prosecutor's question if "[Orbe-Abarca] was coming back over," she replied,

[Hinojosa]: Yeah. He started to working himself. He is very good at being very--
[Defense Counsel]: Objection.
[Hinojosa]: Pleasant.

The trial court asked whether the objection was "the same objection," to which defense counsel agreed. The trial court overruled the objection.

Decisions involving evidentiary issues lie largely within the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse of discretion. State v. Castellanos, 132 Wn.2d 94, 97, 935 P.2d 1353 (1997). An abuse of discretion occurs only when no reasonable person would take the view adopted by the trial court. Castellanos, 132 Wn.2d at 97.

The trial court did not abuse its discretion in admitting Hinojosa's statement that Orbe-Abarca was good at being pleasant. ER 404(b)'s purpose is to exclude character evidence. This prohibition encompasses not only prior bad acts and unpopular behavior but evidence offered to "show the character of a person to prove the person acted in conformity" with that character at the time of a crime. State v. Foxhoven, 161 Wn.2d 168, 175, 163 P.3d 786 (2007); State v. Everybodytalksabout, 145 Wn.2d 456, 466, 39 P.3d 294 (2002). Orbe-Abarca provides no authority to support the contention that Hinojosa's statement was offered to prove "action in conformity" with a certain character trait. ER 404(a). It is hard to imagine how evidence that Orbe-Abarca can be "pleasant" in any way demonstrates a character trait that makes it more probable that he committed the charged offenses.[3]

---

[3] This court has found that evidence of behavior, such as prior mental history, is not excluded by ER 404 precisely because it is not character evidence. In re Meistrell, 47 Wn. App. 100, 109, 733 P.2d 1004 (1987).

II

Orbe-Abarca argues next that his trial counsel rendered constitutionally ineffective assistance of counsel by conceding that evidence he attempted to photograph D.G. while she was showering was admissible pursuant to ER 404(b). We disagree.

A criminal defendant has a constitutional right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To determine if there was ineffective assistance of counsel, this court asks whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. "To prove that failure to object rendered counsel ineffective, Petitioner must show that not objecting fell below prevailing professional norms, that the proposed objection would likely have been sustained, and that the result of the trial would have been different if the evidence had not been admitted." In re Pers. Restraint of Davis, 152 Wn.2d 647, 714, 101 P.3d 1 (2004). To prevail on this issue, Petitioner must rebut the presumption that counsel's failure to object "can be characterized as legitimate trial strategy or tactics." Davis, 152 Wn.2d at 714. Orbe-Abarca has not met this burden.

Pursuant to ER 404(b), collateral sexual conduct may be admitted when it shows the defendant's lustful disposition toward the victim. State v. Ray, 116 Wn.2d 531, 547, 806 P.2d 1220 (1991). A lustful disposition toward the victim makes it more probable that the defendant committed the offense charged because it "evidences a sexual desire for the particular [victim]." Ray, 116 Wn.2d at 547. The question of whether misconduct is sufficiently close in time to the charged crime to be probative lies within

the discretion of the trial court. Ray, 116 Wn.2d at 547 (citing State v. Ferguson, 100 Wn.2d 131, 133-34, 667 P.2d 68 (1983)).

Orbe-Abarca argues that his trial counsel's concession fell below professional norms because evidence of collateral sexual misconduct to prove lustful disposition cannot occur after the charged offenses. Because the shower incident occurred after the charged crimes, Orbe-Abarca contends it was inadmissible. This argument was long ago rejected in State v. Crowder, 119 Wn. 450, 451-52, 205 P. 850 (1922). The defendant in Crowder was charged with carnal knowledge of a female child. The defendant argued that acts of intercourse subsequent to the crime were inadmissible. In explaining lustful disposition, the court stated "evidence of acts prior to the one charged is quite generally held admissible, and, except in a few jurisdictions, evidence of subsequent acts is also admissible." Crowder, 119 Wn. at 451. The court concluded, "We hold therefore that, under the conditions shown here, the evidence of the details of what later proved to be prior and subsequent acts was properly admitted." Crowder, 119 Wn. at 452.

Here, the evidence that Orbe-Abarca attempted to take a picture of D.G. while she was naked in the shower "would naturally be interpretable as the expression of sexual desire." Ray, 116 Wn.2d at 547 (citing Ferguson, 100 Wn.2d at 134). The evidence was admitted to counter several of Orbe-Abarca's arguments that he had only accidentally had sexual contact with D.G. Moreover, it is up to the discretion of the trial court to decide if the conduct occurred within a reasonable time range. Because this incident occurred within two years of the last charged incident, the trial court did not abuse its discretion here. Orbe-Abarca has failed to demonstrate that trial counsel's

failure to object fell below prevailing professional norms or that the proposed objection would likely have been sustained.

### III

Orbe-Abarca argues next that the State improperly sought opinion testimony from Smith without properly qualifying her as an expert witness. We disagree.

The decision whether or not to admit expert opinion evidence is within the discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. State v. Swan, 114 Wn.2d 613, 655, 790 P.2d 610 (1990). If the reasons for admitting or excluding the evidence are both fairly debatable, the trial court's exercise of discretion will not be reversed on appeal. State v. McPherson, 111 Wn. App. 747, 761, 46 P.3d 284 (2002); Davidson v. Municipality of Metro. Seattle, 43 Wn. App. 569, 572, 719 P.2d 569 (1986).

The admission of expert testimony is governed by ER 702 and requires a case-by-case analysis. State v. Groth, 163 Wn. App. 548, 561, 261 P.3d 183 (2011). Under ER 702, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." ER 702. When considering the admissibility of expert testimony under ER 702, the court engages in a two-part inquiry: (1) is the witness qualified as an expert and (2) is the testimony helpful to the trier of fact. State v. Yates, 161 Wn.2d 714, 762, 168 P.3d 359 (2007); McPherson, 111 Wn. App. at 761. "Practical experience is sufficient to qualify a witness as an expert." State v. Ortiz, 119 Wn.2d 294, 310, 831 P.2d 1060 (1992). Orbe-Abarca does not argue that Smith's testimony

was not helpful to the trier of fact. Consequently, we focus on Smith's qualifications as an expert.

At trial, the prosecutor asked Smith to describe her qualifications. Smith testified that she had worked for over six years in the Bothell police department, five years as a patrol officer, and one year as a detective in the sexual assault and criminal Investigation units. During this time, Smith participated in detective training, crime scene investigation training, and evidence gathering training.

The prosecutor asked Smith "based on your training and experience in cases involving sexual abuse, is there often evidence to collect in those cases?" Orbe-Abarca immediately objected to the testimony on the grounds that Smith was "not qualified" as an expert. The trial court overruled the objection. Smith then testified,

> When I attended [a] week-long training for the CSI team that I'm on at our department, I was trained in how to gather different types of evidence, anywhere from skin, dandruff, hairs, clothing fibers, anything of that nature, any type of bodily fluid, so I do know that those types of evidence are available, but I also know that sometimes when time elapses, there's weather, there's traffic, people move, people—there's all types of different reasons why sometimes evidence just will not be there any longer.

Orbe-Abarca argues that there was no foundational testimony that indicated that Smith had any sort of special training and experience that would allow her to testify "about the vast panoply of sex offense cases in general and the amount of evidence usually associated with such prosecutions." While Smith did not have multiple years working as a detective, it is fairly debatable that her training courses, the five years she spent as a patrol officer, and the year she spent as a detective gaining practical experience, were sufficient to give her specialized knowledge on the types of evidence

available in cases brought after time has elapsed since the charged offense. The trial court did not abuse its discretion in allowing Smith to testify based on that knowledge.

IV

Orbe-Abarca argues finally that cumulative error prevented him from receiving a fair trial. Cumulative error may warrant reversal, even if each error standing alone would otherwise be considered harmless. Weber, 159 Wn.2d at 279. The doctrine does not apply where the errors are few and have little or no effect on the outcome of the trial. Weber, 159 Wn.2d at 279. As discussed above, Orbe-Abarca's has failed to demonstrate a single incident of error. As a result, we hold that Orbe-Abarca's cumulative error claim fails in this case.

Affirmed.

_____
Mann, J.

WE CONCUR:

_____
Leach, J.

_____
Cox, J.